IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**GERRY D. HARRIS**                                                            **PLAINTIFF**

**V.**                                   **3:05CV00226JMM**

**NUCOR CORPORATION**
**also known as NUCOR STEEL**                                    **DEFENDANT**

## ORDER

Pending is Plaintiff's Motion for Default Judgment (Docket # 7) and Defendant's Motion to Set Aside Clerk's Default (Docket # 12).

Plaintiff filed his Complaint on September 23, 2005. On September 29, 2005, Plaintiff served Defendant Nucor Corporation by serving its agent for service, The Corporation Company. The Defendant did not file an Answer to the Complaint until January 3, 2006. The Clerk of the Court entered a Clerk's Default against the Defendant on January 9, 2006. Plaintiff asks the Court to enter a Default Judgment against the Defendant for failure to answer Plaintiff's complaint within twenty days after being served with the Summons and Complaint. *See* Fed. R. Civ. P. 12. Defendant asks the Court to set aside the Clerk's Default under Rule 55(c) and 60(b) for mistake and excusable neglect.

Rule 55(c) states that a court may set aside an entry of default for good cause shown. The rule further states that if a judgment by default has been entered it may be set aside in accordance with Rule 60(b). Fed. R.Civ. P. 55(c). Rule 60(b) gives a court discretion to relieve a party from final judgment for mistake, inadvertence, surprise or excusable neglect. Fed. R. Civ. P. 60(b). "The term 'excusable neglect' in this rule 'is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence.'" *Union Pacific R. Co. v.*

*Progress Rail Services Corp.*, 256 F.3d 781, 782 (8th Cir. 2001)(quoting *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,* 507 U.S. 380, 394, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)).  In deciding whether the negligence was "excusable," a court must engage in a "careful balancing of multiple considerations, including the danger of prejudice to the [non-moving] party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  *Progress Rail*, 256 F.3d at 782.

In this case, the Defendant failed to file its Answer within the time specified by the Federal Rules because of an incorrect e-mail address and the failure to communicate with counsel.  In fact, the Defendant was almost three months late filing its Answer.  While this time delay is not insignificant, there is no evidence that the delay has prejudiced the Plaintiff in any way.  The parties have already engaged in a lengthy EEOC investigation which should allow the judicial proceedings to be more efficient.  Further, the EEOC issued a "no cause" dismissal of the Plaintiff's charge which indicates the Defendant may have a meritorious defense. There is also no evidence of bad faith on the part of the Defendant or its counsel with regard to the delayed filing.

After review of the pleadings and the applicable law, the Court finds that the Defendant has shown good cause for setting aside the Clerk's Default and the Defendant's neglect in failing to abide by the filing deadline was excusable.

For these reasons, Plaintiff's Motion for Default Judgment (Docket # 7) is DENIED and Defendant's Motion to Set Aside Clerk's Default (Docket # 12) is GRANTED.  The Clerk is directed to set aside the Clerk's Default entered on January 9, 2006 in favor of the Plaintiff.

IT IS SO ORDERED this 27th day of February 2006.

                                                                _____
                                                                James M. Moody
                                                               United States District Judge